MULROONEY v. UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION                                         Doc. 4
Case 1:06-cv-00133-MP-AK   Document 4   Filed 07/05/2006   Page 1 of 2

*Page 1 of 2*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WALTER MULROONEY,

    Petitioner,

v.                                               CASE NO. 1:06-cv-00133-MP-AK

UNITED STATES DEPARTMENT
OF JUSTICE, IMMIGRATION,

    Respondent.
_____/

### **REPORT AND RECOMMENDATION**

This § 2241 matter is before the Court on the issue of the propriety of Petitioner's removal. There is no issue regarding Petitioner's detention.

It is no longer appropriate for this Court to address the removal issue. On May 11, 2005, the REAL ID Act of 2005 was signed into law. Pub.L. No. 109-13, Div. B, 119 Stat. 231, 302 (2005). The Act amended the judicial review provisions of § 242 of the Immigration and Nationality Act to make a petition for review in the federal courts of appeals the sole means of review of a final immigration order of removal or deportation. The amendment provides:

> Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter....

8 U.S.C. § 1252(a)(5).

Dockets.Justia.com

The Act explicitly deprives this Court of jurisdiction over Petitioner's claim, which seeks judicial review of an order of removal. Dismissal is therefore appropriate, as transfer to the court of appeals is not available. *See* 8 U.S.C. § 1252 note (Transfer of Cases). Petitioner must therefore file an original petition for review "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this   5th   day of July, 2006.

s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**